IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:24-CR-065-Z (01) |
| CHRISTIAN ALEXIS CORONADO (01) | |

## FACTUAL RESUME

In support of Christian Alexis Coronado's plea of guilty to the offenses in Counts Two and Three of the Indictment, Coronado, the defendant, Hillary Netardus, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. § 1951(a), that is, Affecting Commerce by Robbery, the government must prove each of the following elements beyond a reasonable doubt:

Affecting Commerce by Robbery[1]:

*First.* That the defendant unlawfully obtained personal property from a person or in his/her presence, against his/her will;

*Second.* That the defendant did so by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his/her person or property; and

*Third.* That the defendant's conduct in any way or degree obstructed, delayed, or affected commerce.

---

[1] Fifth Circuit Pattern Jury Instruction 2.73B (5th Cir. 2024).

**Christian Alexis Coronado**
**Factual Resume—Page 1**

A robbery of a business affects commerce if that business bought and sold merchandise that had traveled from another state to this state, or if the robbery affected sales by the business of such merchandise, or if the money proceeds from the business moved in interstate commerce, or if the business routinely wired or electronically transferred money from our state to a bank in another state.

The term "personal property" includes money and other tangible things of value.

The term "commerce" means all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof.

To prove the offense alleged in Count Three of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1), that is, Brandishing a Firearm During a Crime of Violence, the government must prove each of the following elements beyond a reasonable doubt:

Brandishing a Firearm During a Crime of Violence, 18 U.S.C. § 924(c)(1)[2]:

*First.* That the defendant committed the crime alleged in Count Two;

*Second.* That the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime charged in Count Two; and

*Third.* That firearm was brandished during the commission of the crime of violence charged in Count Two.

## STIPULATED FACTS

1. Christian Alexis Coronado admits that on or about April 5, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did unlawfully obstruct, delay, or affect, or attempt to obstruct, delay, or affect, commerce, as that term is defined in Title 18, United States Code, Section 1951, or the movement of any article

---

[2] Fifth Circuit Pattern Jury Instruction 2.44A (5th Cir. 2024).

**Christian Alexis Coronado**
Factual Resume—Page 2

or commodity in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take or obtain, or attempted to take or obtain, personal property consisting of an amount of money from P.B., an employee of Toot n Totum, 3609 South Washington, Amarillo, Texas, against her will, by means of actual or threatened force, violence, or fear of injury to her person, that is, by pointing a firearm at P.B. and demanding money, in violation of Title 18, United States Code, Section 1951(a).

2. Coronado further admits and agrees that on or about April 5, 2024, in the Amarillo Division of the Northern District of Texas, he did knowingly possess and brandish a firearm, that is, a Hi-Point, .380 caliber pistol, bearing serial number P871958, in furtherance of a crime of violence, that is, Affecting Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of the Indictment, an offense for which he may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

3. In April 2024, the Federal Bureau of Investigation (FBI) and the Amarillo Police Department jointly investigated a string of armed robberies that occurred in the Amarillo area. During the investigation Christian Alexis Coronado and Rosalinda Clarinda Martinez were identified as suspects.

4. On April 5, 2024, the suspect, later identified as Christian Alexis Coronado, robbed the Toot n Totum at 3609 South Washington, Amarillo, Texas. On April 5, 2024, Amarillo Police Department (APD) received a suspicion call from the clerk at the Dollar General, located at 4308 South Washington Street. The clerk told officers that a

**Christian Alexis Coronado**
**Factual Resume—Page 3**

suspicious male wearing all black, including a black Randall Raiders hoodie, had been inside the store. While officers were responding to the Dollar General, they were dispatched to the Toot n Totum at 3609 South Washington on a robbery.

5. Officers learned that a male suspect wearing all black, including a black Randall Raiders hoodie, had entered the store, pointed a firearm at the clerk, and demanded money. Surveillance footage showed the suspect, later identified as Coronado, enter the store and press a firearm into the clerk's back. Coronado took the money from the register and fled the store.

6. FBI SA Hendricks researched the companies providing services or products sold by the Toot n Totum store that Coronado robbed on April 5, 2024. SA Hendricks determined Toot n Totum operates stores in Texas, Oklahoma, New Mexico, and Kansas. Toot n Totum sells products to include cigarettes, alcohol, and Valero branded fuel which are manufactured outside the state of Texas and are shipped to Toot n Totum located in the above-mentioned states. Toot n Totum also offers services including lottery tickets, Western Union, Mr. Payroll Check cashing, and gift cards. Coronado's robbery of the Toot n Totum store affected sales of that merchandise in that the store had to close for the remainder of the day resulting in monetary loss of sales of approximately $1,000.00.

7. FBI and APD learned through their investigation that Coronado was the individual that robbed the Toot n Totum store on April 5, 2024, and that Rosalinda Clarinda Martinez drove the defendant to the Toot n Totum. FBI and APD conducted a search warrant at Martinez's known residence in Amarillo, Texas. Law enforcement

officers recovered the Hi-Point .380 caliber pistol, bearing serial number P871958, that was brandished during the commission of the Toot n Totum store robbery.

8. Coronado agrees that he committed all the essential elements of the offenses alleged in Counts Two and Three of the Indictment. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts Two and Three of the Indictment.

9. Coronado further agrees and admits that the above-described firearm, including any additional ammunition, magazines, and accessories recovered with the firearm, were knowingly possessed by the defendant in violation of 18 U.S.C. § 924, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d).

AGREED TO AND STIPULATED on this 10th day of January, 2025.

_____
Christian Alexis Coronado
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:  806-324-2356
Facsimile:   806-324-2399
E-mail:       joshua.frausto@usdoj.gov

_____
Hillary Netardus
Attorney for Defendant

**Christian Alexis Coronado**
**Factual Resume—Page 5**